No. 18,979.

THE CITY OF KANSAS CITY, KANSAS, *Appellee*, v. SAM-
UEL STEWART, as County Treasurer, etc., *Appel-
lant.*

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

TAXATION—*City Taxes—Penalties and Rebates—Original De-
cision Reaffirmed.* Improvements, the cost of which is
charged by a city to the benefited property, are so far public
in their nature that the legislature may require the county
to bear a part of the expense of collecting the assessments by
giving a rebate or premium for their prompt payment.

Appeal from Wyandotte district court, division No. 3;
HUGH J. SMITH, judge. Opinion on rehearing filed
May 9, 1914. Former decision adhered to. (For origi-
nal opinion of affirmance see 90 Kan. 846, 136 Pac. 241.)

*George McGill, L. W. Keplinger,* and *C. W. Trickett,*
all of Kansas City, for the appellant.

*James F. Getty,* and *R. J. Higgins,* both of Kansas
City, for the appellee.

The opinion of the court was delivered by

MASON, J.: Upon a rehearing full consideration has
been given to the additional argument of counsel, but
the previous conviction of no member of the court has
been changed, and it results that the decision already
made is adhered to.

Regarding the contention that the statute which re-
quires the penalty accruing on the tax of a township
(or other municipality) to go to the county violates the
constitutional provisions against diverting a tax from
the object for which it was levied, this may be added:
The tax being laid under a system of laws of which this
statute is a part, contemplates such a disposition of the

Kansas City v. Stewart.

penalty as is there provided, so that the proceeds go to the very place specified.

In behalf of the county the argument is made that whatever may be the rule as to general city taxes, the county can not be required to pay the rebates on special assessments for local improvements, or taxes levied to pay bonds issued for that purpose, because these are obligations created by the city in its proprietary rather than in its governmental capacity. We think, however, that the public has such an interest in these improvements that the cost of collecting pay for them may rightfully be cast upon the county. The allowance of a rebate to one who makes an early payment of his tax amounts to paying him a premium for his promptness. It is a legitimate device for facilitating the collection of all taxes, the expense of which the legislature has seen fit to make a charge against the county, just as it might have placed it upon the entire state. In itself it does not operate unequally. The inequality of the statute results from the fact that the penalties collected on the taxes of a city of the first class go to the city, while all other penalties are retained by the county. All taxpayers, so far as concerns being allowed rebates or charged with penalties, are treated alike. But a city of the first class receives a favor not granted to other municipalities by being permitted to retain its penalties, and this inures to the benefit of those who pay its taxes. As stated in the original opinion, it is difficult to suggest a reason for the distinction. But there are many differences between the law regulating cities of the first class and that regulating cities of the second class for which it would be impossible to assign a specific reason beyond the fact that the legislature saw fit to make them. The two forms of government have much in common, but they differ in many details. If the statute were to be held invalid wherever it makes a distinction for which the court can not account on the basis of a

difference in population, many enactments of long standing would have to be set aside. Under the General Statutes of 1868 cities of the first class were required to collect delinquent special assessments by selling the property, while cities of the second class certified the amounts to the county authorities, who attended to the collection. (Gen. Stat. 1868, ch. 18, § 28; ch. 19, § 30, subdiv. ¶ 2.) The relation of the matter to population is obscure, but not more so than in the case of many other differences. In the defendant's brief the attempt is made' (perhaps successfully) to show that a possible ground of distinction in the matter in hand, which was suggested in the original opinion, is ill founded both in theory and in fact. But a classification may be valid, although based on a mistaken belief as to how a law will work out.

The argument made against the statute on the ground of its unjust operation has much apparent force, but we are constrained to hold that only the legislature can grant relief.

The former decision is adhered to.